# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CECILIA CATHERINE GUTIERREZ, <br> Appellant, | DOCKET NUMBER <br> DC-0752-15-0434-C-1 |
| v. | |
| DEPARTMENT OF THE NAVY, <br> Agency. | DATE: January 4, 2017 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Cecilia Catherine Gutierrez</u>, Dearborn Heights, Michigan, pro se.

<u>Daniel Fevrin</u>, Norfolk, Virginia, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1 The appellant has filed a petition for review of the compliance initial decision, which denied her petition for enforcement. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the compliance initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2      Effective January 30, 2015, the agency removed the appellant from her position as an Ordinary Seaman for failure to maintain a regular work schedule. *Gutierrez v. Department of the Navy*, MSPB Docket No. DC-0752-15-0434-I-1, Initial Appeal File (IAF), Tab 1 at 7-8.  On February 19, 2015, the appellant appealed her removal to the Board.  IAF, Tab 1.  The parties subsequently entered into a settlement agreement in which the agency agreed to replace the Standard Form 50 (SF-50) documenting the appellant's removal with a revised SF-50 stating in the remarks section that the appellant was removed for "inability to maintain a regular work schedule due to a medical condition."  IAF, Tab 23 at 5-6.  In return, the appellant agreed that she would withdraw with prejudice her Board appeal and any pending equal employment opportunity complaints and that she would not initiate any new claims against the agency relating to her removal or based on matters occurring prior to the execution of the settlement agreement. *Id.* at 6.  In a December 31, 2015 initial decision, the administrative judge determined that the appeal was within the Board's jurisdiction, that the settlement agreement was lawful on its face, and that the parties understood its terms and

freely and voluntarily entered into it. IAF, Tab 24, Initial Decision (ID) at 1. Accordingly, she accepted the settlement agreement into the record for enforcement purposes and dismissed the appeal as settled. *Id.* The initial decision became final on February 4, 2016. ID at 2.

¶3      On February 20, 2016, the appellant filed a pleading titled "Supplement to PFR" asserting that the agency had not complied with the settlement agreement because she had not yet received a revised copy of her SF-50. *Gutierrez v. Department of the Navy*, MSPB Docket No. DC-0752-15-0434-C-1, Compliance File (CF), Tab 1. The administrative judge docketed the submission as a petition for enforcement of the settlement agreement, notified the parties of their respective burdens of proof, and ordered them to respond. CF, Tab 2. The agency filed a motion to dismiss, stating that the settlement agreement had been executed on December 15, 2015, and that the new SF-50 had been provided to the appellant on February 18, 2016. CF, Tab 3 at 4. The appellant did not respond to the agency's motion or the administrative judge's order. On July 6, 2016, the administrative judge denied the appellant's petition for enforcement, finding that the agency had complied with the settlement agreement by issuing the appellant a corrected SF-50. CF, Tab 5, Compliance Initial Decision (CID) at 1-2.

¶4      On August 7, 2016, the appellant filed a petition for review of the compliance initial decision. *Gutierrez v. Department of the Navy*, MSPB Docket No. DC-0752-15-0434-C-1, Compliance Petition for Review (CPFR) File, Tab 1. The agency responded in opposition to the appellant's petition for review, arguing that it is an untimely petition for review of the December 31, 2015 initial decision dismissing the appeal as settled and that there is no basis to invalidate the settlement agreement. CPFR, Tab 3 at 7-9. The agency also argues that the appellant is estopped from challenging the issue of the agency's compliance with the settlement agreement because the agency proved that it had provided the appellant with a copy of the revised SF-50, and the administrative judge found the agency had complied with the settlement agreement. *Id.* at 9.

¶5 As an initial matter, we reject the agency's arguments that the appellant's petition for review is untimely filed and that she is estopped from challenging the compliance initial decision. The appellant's August 7, 2016 compliance petition for review of the July 6, 2016 compliance initial decision was filed before the 35th day after the issuance of the compliance initial decision and is, therefore, timely filed. *See* 5 C.F.R. § 1201.114 (providing, in part, that a petition for review must be filed within 35 days of the issuance of the initial decision). Therefore, the appellant's petition for review of the compliance initial decision is properly before the Board, and nothing precludes the appellant from exercising her right to file a petition for enforcement of a settlement agreement or from petitioning for review of a compliance initial decision. *See* 5 C.F.R. §§ 1201.114 and 1201.181.

¶6 On review, the appellant appears to argue that the agency still has not complied with the settlement agreement because, although it sent her a redacted copy of her revised SF-50 by email, she has not received her requested unredacted hard copy. CPFR File, Tab 1 at 3. Because it was unclear from the record whether the agency had provided the appellant with an unredacted copy of her revised SF-50, the Board ordered the agency to submit evidence and argument clarifying this issue. CPFR File, Tab 4. The agency submitted two declarations signed under penalty of perjury attesting that an unredacted copy of the revised SF-50 was sent to the appellant's address of record on February 26, 2016, and that another copy was sent to the address specified in the appellant's compliance petition for review on November 17, 2016. CPFR File, Tab 5 at 7-8. Although the appellant was afforded an opportunity to respond to the agency's response to the Board's order, she did not do so. Because it is undisputed that the agency revised the appellant's SF-50 in accordance with the settlement agreement and provided her an unredacted copy of the revised SF-50, we find no basis to disturb the administrative judge's determination that the agency has complied with the settlement agreement. CID at 1-2.

¶7     The appellant also argues on review that the agency failed to inform her of her right to request a reasonable accommodation, which would have allowed her to continue in her position, and asks that her medical retirement and workers' compensation claims be approved. CPFR File, Tab 1 at 3. However, these claims are related to the appellant's employment with the agency and events that occurred prior to the settlement agreement, and thus, are not properly before the Board in this compliance matter and provide no basis to disturb the initial decision.[2]

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory

---

[2] If the appellant wishes to challenge the validity of the settlement agreement on the basis of alleged misinformation, such a claim is properly raised in a petition for review of the initial decision that dismissed the appeal pursuant to the settlement agreement, not a petition for enforcement. *See Hazelton v. Department of Veterans Affairs*, 112 M.S.P.R. 357, ¶ 8 (2009); *see also Bruhn v. Department of Agriculture*, 124 M.S.P.R. 1, ¶ 18 (2016) (explaining that a party may challenge the validity of a settlement agreement if the party believes that the agreement is unlawful, involuntary, or the result of fraud or mutual mistake). We make no finding here, however, about the timeliness of any petition for review of the December 31, 2015 initial decision dismissing the appellant's removal appeal as settled. *See* 5 C.F.R. § 1201.114(d).

deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law and other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.